# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | | |
|---|---|---|
| RODGER DON HUGHES, | § § § | |
| PLAINTIFF, | § | |
| vs. | § § | CIVIL ACTION CAUSE NUMBER |
| CHEVRON PHILLIPS CHEMICAL COMPANY LP, *et al.*, | § § § § | 2:10-CV-210-J |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION

Before the Court is Defendants' motion for summary judgment upon all of Plaintiff Rodger Don Hughes' claims and causes of action, Plaintiff's response, Defendants' reply, and Plaintiff's surreply thereto. For the following reasons, Defendants' summary judgment motion is granted.

## Factual Background

This is a suit filed by Plaintiff Rodger Don Hughes against Chevron Phillips Chemical Company, LP (Chevron) and current or former employees of the company as a result of Chevron's withholding of portions of Plaintiff's wages to satisfy levies from the IRS for $133,842.07 in unpaid past federal income taxes. Plaintiff was employed by Chevron in Borger, Texas. During the course of his employment, Plaintiff became deficient with regard to the payment of his federal income taxes. Consequently, an administrative levy was issued by the Internal Revenue Service (IRS) on Plaintiff's earned income, wages or salary.

Chevron received a "Notice of Levy, Wages, and Other Salary" from the IRS identifying Plaintiff as a delinquent taxpayer subject to levy by the IRS. That notice was dated May 18, 2010.

Chevron received an amended Notice dated June 28, 2010. The notices required Chevron to turn over Plaintiff's unexempt wages to the IRS.

Chevron calculated the amount exempt from each Notice by utilizing tables issued by the IRS, and remitted Plaintiff's unexempt wages to the IRS in accordance with the Notice. Chevron continued to garnish Plaintiff's wages in accordance with the amended notice until it received written confirmation that the levy at issue was released.

Plaintiff Hughes contested the validity of the withholding by filing this lawsuit. Plaintiff asserts numerous causes of action against Defendants, including breach of fiduciary duty, fraud, intentional infliction of emotional distress, negligence, quantum meruit, retaliation, tortious interference with contract, tortious interference with business relationship, and promissory estoppel. This lawsuit was originally filed in state court. Defendants timely removed the case to federal court.

## Summary Judgment Standards

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).

The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(quoting *Celotex Corp.*, 477 U.S. at 323). The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## Discussion and Analysis

Defendants argue that they are immune from liability to Plaintiff pursuant to 26 U.S.C. §6332(e) because all of Plaintiff's claims arise from the Defendant Chevron's compliance with IRS levies and the resulting surrender of his wages to the IRS.

Plaintiff argues that the Defendants lacked proper legal authority to withhold his wages as directed by the Internal Revenue Service. He argues that the federal income tax laws are not applicable to Texas residents because federal income tax jurisdiction is limited to United States territories and the District of Columbia, to federal employees, to persons and entities employed under federal contracts, and to corporations dealing with alcohol, firearms and tobacco. He argues neither he nor any of the Defendants are a federal employer pursuant to a federal contract, are not federal employees, nor are Plaintiff or any of the Defendants involved in alcohol, tobacco, or firearm distribution, production or sale.

Plaintiff argues that § 6332(e) does not apply because a "notice of levy" is not a "levy," and Defendants have not show that the revenue officer issuing the notice of levy was authorized by a court pursuant to Texas law to legally garnish his wages. Plaintiff asserts that because Defendants have not shown that the Internal Revenue Code was published in the Federal Register, the provisions of the Code do not provide a sufficient legal basis to mandate that the Defendants comply with the statutory IRS notice of levy and levy provisions. He argues that the Defendants have failed to and cannot provide any *genuine* law that gives Defendants the right to violate the Texas state labor codes, Texas state laws, the Texas state constitution, or the right to breach the contract or working agreement between the Plaintiff and Defendant Chevron.

Plaintiff therefore argues that the Defendants have not provided any law, substantive regulation or statute that gives Defendants the right to garnish a private plaintiff's compensation for labor without lawful authorization. He argues that the Defendants do not have a court order, levy, or a warrant of distraint signed by a judge of a court of competent jurisdiction. He argues that the fact that Defendants do not have a court order nor have Defendants validated the debt as required by the Fair Debt Collection Practices Act, nor have Defendants provided any documented proof that the agents who sent the notices of levy was authorized by a court or the Secretary of the Treasury to do so, proves that Defendants have not given Plaintiff his due process as required by Texas state law and the Texas Constitution.

The Court concludes that the Defendants are entitled to summary judgment on all of Plaintiff's claims.

When a taxpayer is delinquent in paying taxes, the IRS may collect the tax by issuing a lien on the taxpayer's "property and rights to property." 26 U.S.C. § 6321. In this regard, the Internal Revenue Code provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. A lien under 26 U.S.C. § 6321 "is merely a security interest and does not involve immediate seizure" of the property. *In re Sills,* 82 F.3d 111, 113-114 (5th Cir. 1996). The government can then take further steps beyond the lien to recover on the tax deficiency. *See id.; see also, Am. Trust v. Am. Cmty. Mut. Ins. Co.,* 142 F.3d 920, 922-23 (6th Cir. 1998)(government's collection options may include seizure pursuant to an administrative levy).

Section 6331(a)-(b) of the Internal Revenue Code permits the use of an administrative levy to accomplish this tax recovery purpose, and its constitutionality "has long been settled." *Phillips v. Commissioner,* 283 U.S. 589, 595 (1931); 26 U.S.C. § 6331(a)-(b). Through an administrative levy the IRS has the power to collect the tax using the power of distraint and seizure. *United States v. Nat'l Bank of Commerce,* 472 U.S. 713, 720 (1985); 26 U.S.C. § 6331(b). When a taxpayer's property is held by another, notice of levy is served on the custodian, such as Chevron, pursuant to 26 U.S.C. § 6332(a). "This notice gives the IRS the right to all property levied upon, and creates a custodial relationship between the person holding the property and the IRS so that the property comes into the constructive possession of the Government." *Nat'l Bank of Commerce,* 472 U.S. at 720-21 (citing *United States v. Eiland,* 223 F.2d 118, 121 (4th Cir. 1955); *Phelps v. United States,* 421 U.S. 330 (1975)).

An IRS tax "levy may be made by serving a notice of levy on any person in possession of or obligated with respect to, property or rights to property subject to levy, including ... salaries, wages, commissions, or other compensation." 26 C.F.R. § 301.633 1-1(a)(1). Federal law mandates an employer's compliance with a Notice of Levy it receives from the Internal Revenue Service. *See*

5

26 U.S.C. 6332(a). Any person or entity holding nonexempt property, such as wages or salary, levied upon by the IRS must surrender that property. 26 U.S.C. § 6332(a), (d).

Section 6332(e) of the Internal Revenue Code then discharges all of the Defendants from any liability arising from their honoring of an IRS levy, whether or not the levy was validly imposed. Any person who complies with an administrative levy by surrendering property to the government pursuant to Section 6332(a) is "discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e). *See Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 561 (5th Cir. 1997)(A person who "complied with the levy issued by the IRS under §§ 6331 and 6332 ...is immune from liability to [a plaintiff] for complying with the levy.").

Plaintiff has not come forth with any evidence to support his allegation that his claims against the Defendants do not arise from Chevron Phillips' garnishment of his wages pursuant to an IRS levy. It is undisputed that Plaintiff owed outstanding federal income taxes for numerous years. Plaintiff's argument that § 6332(e) does not apply because a "notice of levy" is not a "levy" is meritless. *Schiff v. Simon & Schuster, Inc.*, 780 F.2d 210, 212 (2d Cir. 1985). No court order was necessary for the administrative levy to be utilized to satisfy Plaintiff's outstanding tax obligations. *United States v. Rodgers*, 461 U.S. 677, 682 (1983)(An administrative levy is a provisional remedy that typically "does not require any judicial intervention" or court authorization.). The levy at issue was utilized by the IRS to levy on Plaintiff's earned wage or salary income, pursuant to 26 U.S.C. §6332(a). Chevron received the Notice of Levy from the IRS identifying the Plaintiff as a delinquent taxpayer subject to levy by the IRS. Contrary to Plaintiff's contentions, no state court order was necessary for such an administrative levy to be used to satisfy Plaintiff's outstanding tax obligations.

Plaintiff further argues that "section 6331 [in addition to the rest of Title 26] has no application to private men and women, only to Federal employees or corporations that deal in Alcohol, Tobacco and Firearms Production." Plaintiff states that the "Internal Revenue Code is written for the purpose of obfuscation" and argues that "Defendants are merely trying to obfuscate the issue of a violation of contract." He argues that a "tax on compensation for labor would be a diminutization of the contract therefore Defendant/Plaintiff contract [sic], and is therefore unlawful as there are no capital gains above the agreed contract amount unto which [Title] 26 [of the] USC would apply." Plaintiff states that "Sections 6331 and 6332 do not apply to Plaintiff in this instant case" because "[n]owhere in either section does it mention any man or woman working in the private sector for a non government company." Finally, Plaintiff argues that the "IRS did not take Plaintiffs compensation for labor, Defendants gave it to IRS to their own detriment without Due Process of Law."

Plaintiff does **not** contend that Chevron was not in possession of his wages, and his contentions that for various reasons his privately earned contractual wages were not properly subject to unpaid income tax attachment is without merit. *United States v. Price*, 798 F.2d 111, 113 (5th Cir. 1986) (rejecting argument that citizens of Texas are not subject to federal income tax); *United States v. Dawes*, 874 F.2d 746, 750-51 (10th Cir. 1989)(argument that "individual common law 'de jure' citizens" are exempt from taxation is frivolous); *In re Becraft*, 885 F.2d 547, 548 n.2 (9th Cir. 1989)(argument that federal income tax laws are not applicable to state residents because federal jurisdiction is limited to United States territories and the District of Columbia "has no semblance of merit"). Further, the levy process as utilized in this case by the IRS and complied with by the Defendants comported with all the legally-recognized prerequisites of due process of law.

"For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens." *Becraft*, 885 F.2d at 548-49 (citing *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 12-19, 36 S.Ct. 236, 239-42, 60 L.Ed. 493 (1916); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984); *Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981)). Plaintiff's arguments to the contrary are without merit.

## Conclusion

For all of the above reasons, each of the Defendants have shown their entitlement to summary judgment upon all of Plaintiff Rodger Don Hughes' claims and causes of action.

Final judgment will be entered for Defendants in accordance with this opinion.

It is SO ORDERED.

Signed this the _12th_ day of July, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE